## CIRCUIT COURT OF FAUQUIER COUNTY

State Farm Fire
Casualty Co.

   v.

Gary Frederick,
Wanda Frederick,
and Christopher Frederick

November 24, 2009

Case No. CL08-715

BY JUDGE JEFFREY W. PARKER

I have recently received from both counsel two competing Orders, together with supporting letters, which have been submitted for my endorsement and which counsel each separately assert best reflect the Court's ruling. As both Orders provide, this matter was dismissed on the Defendants' Motion to Strike after the Plaintiff had rested.

The facts of this case, based upon argument, briefs, and pleadings are largely uncontroverted. State Farm Insurance Company initiated the Complaint for Declaratory Judgment alleging an untimely Notice of Claim submitted to the Company by the insureds. A young lady by the name of Erica Karnes was bitten by a dog owned by the Defendants on their premises on August 28, 2005. The bite created a small tear in the clothing by her thigh and also resulted in one puncture wound with little or no bleeding. She received treatment at the emergency room and was released.

She had two subsequent telephone calls with members of the Defendants' family and made no further complaint to them regarding pain or residual problems. She further affirmatively represented that she was "all right." Three years later, she filed a lawsuit on August 4, 2008, at which point in time the Defendants immediately gave notice to Plaintiff State Farm.

Between the time of the bite and the lawsuit, she did not seek any monetary compensation nor did she indicate verbally or in writing to the Defendants or their agents that she was having any residual difficulty. After the event, there was absolutely nothing to place the Defendants on notice that any claim would be forthcoming until the lawsuit was actually filed.

Several cases were discussed in the briefs and mentioned by the Court in its closing remarks. The Plaintiff in its brief cited *Dan River Inc. v. Commercial Union Ins. Co.*, 227 Va. 485, 317 S.E.2d 485 (1984). In that case, the Supreme Court held that the insured had failed in its duty to give notice *after* a lawsuit "had been filed against the insured." 227 Va. at 489. Similarly, in *State Farm v. Walton*, 244 Va. 498, 423 S.E.2d 188 (1992), the defendant had received a formal *written* demand for compensation and failed to give notice to the carrier. In the *Walton* case, the Court held that a duty to give notice arises when an incident that is covered under the contract is "sufficiently serious to lead a person of ordinary intelligence and prudence to believe that it might give rise to a claim for damages. . . ." 244 Va. at 504.

This Court observed in its comments in sustaining the Motion to Strike that the facts of this case stood in clear distinction to the *Dan River* and the *Walton* case. There was no evidence of a demand or even a request or suggestion by Ms. Karnes that compensation for the bite should be paid. From the description of the event by the witnesses, this appeared to be a *de minimis* occurrence and was treated as such by the parties. There was nothing to suggest that the Defendants intentionally or negligently failed to give notice upon an objective view by the Court of the facts.

While it may be logical to assume or infer that a medical bill would result from treatment of a patient in the emergency room of a hospital, it is also just as logical to assume or infer that an individual who had medical insurance coverage might simply allow the payment of the bills by the carrier to sufficiently resolve the situation. There was no evidence that Ms. Karnes was uninsured. In any event, as the Fredericks had no specific information on any damages incurred by Ms. Karnes, they had no specifics of any loss to provide their carrier.

In the Order submitted, the Court notes that the Defendants include a number of factual recitations they assert were presented to the Court.

While the issue of prejudice to the insurer by the late notice was discussed and evidence was presented on this question, this issue was never, in fact, actually ruled upon by the Court. The Court does not believe that it is necessary in entering the Final Order to expand or extrapolate on any questions or factual issues which were not necessary to the decision of the Court on the question presented.

The Court finds that the draft Order prepared by Mr. Cattano is sufficient to reflect the ruling of the Court. Therefore, the Court will enter that Order under Rule 1:13.